## CHAUNCEY. *v.* THE STATE.

No. 7002. APRIL 10, 1929.

*James M. Towery,* for plaintiff in error.

*George M. Napier, attorney-general, H. C. Morgan, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

GILBERT, J. Lester Chauncey was convicted of the offense of murder. His motion for new trial was overruled, and he excepted. To the usual general grounds three special grounds were added to the motion, complaining: (1) that the court illegally admitted certain evidence by John R. James, a witness for the State, consisting of incriminating admissions; (2) of that portion of the charge of the court relating to evidence tending to show that the shot fired by the defendant was intended for one person but resulted in the death of another; and (3) of the portion of the charge with respect to the forms of the verdict. None of the special grounds show error or require special mention. There is no merit in the general grounds. If it may be said in any criminal case that the evidence demanded the verdict, this is such a case. It is hard to imagine a case where a homicide was committed with more obvious disregard of human life. The story, as told by the evidence and the statement of the defendant, is tragic and pathetic. On June 5, 1927, the accused married Annie Belle Anderson, the 14-year-old daughter of John Anderson, who had married, as his second wife, the sister of the accused. After nine months of married life Annie Belle separated from her husband and returned to her father's home

on a farm in Clinch County, seven miles from Homerville. Chauncey visited her at her father's home, ostensibly for the purpose of inducing her to return to him. She declined. On May 12, 1928, having the day before purchased five shells loaded with "00" buckshot, Chauncey procured his father's shotgun, declaring he was going to the swamp but would soon return. About 3 o'clock on the afternoon of said date, he departed and walked seven miles to the home of his wife's father, arriving after dark, and halted about 35 or 40 yards from the front door among some gallberry bushes and weeds. There was a small lamp on the floor of the front porch, which furnished sufficient light for him to see sitting on the porch his wife; her brother, William Anderson; her 10-year-old sister, Ruby Lee Anderson; and a young man named Jim Lee, who was employed on the Anderson farm, had resided with the family a number of years, and was regarded as a member of the family. William Anderson was "picking on a home-made guitar," and the others were singing. Mr. and Mrs. John Anderson were inside of the house, she with their youngest child, he having retired.

Suddenly, from the darkness, Chauncey fired a load of buckshot into the group on the porch, almost instantly killing Ruby Lee Anderson, the deceased named in this indictment, and in quick succession fired another load which killed Jim Lee and wounded his wife. The girl-wife survived, but was rendered blind. Chauncey fled; but after having gone about three miles he telephoned to the sheriff, and an officer was sent to arrest him. This officer found him in possession of the shotgun and three unused shells, two in the gun and one in his pocket. The officer asked the accused what he had done, and "he said he didn't know what he had done." The officer asked what Chauncey had tried to do, and the reply was that he "shot at Jim and Annie Belle," and that he "didn't know whether he killed them or not but that if he didn't kill them it wasn't his fault; that he done his damndest to kill them." In his statement the defendant declared that he had gone to the home of his father-in-law to see Annie Belle, but that when he arrived his father-in-law appeared at the door with a gun and refused to let him come in, and, "when he came out of the door with the gun, I seen my wife raise her hand like that [illustrating], and I said 'John, don't you mess with me.' So out went the light, and I reckon three seconds would cover the time the light was out, and I shot, and then

come on back down the road, and I called Mr. Lee [sheriff] up and told him what I had done. I figured that I would just kill the pile of them, and it wouldn't hurt me so very much in law. Being he had his gun, I figured that I had him. And I come on and give up, and not knowing—that was just my thoughts. It was dark, and I couldn't see nothing there but the light of cigarettes after he outed the light." In rebuttal Mrs. John Anderson, sister of the accused, testified: "I had been on the porch just a short while before the shooting took place. Mr. Anderson wasn't out there when the shooting took place. John Anderson had a gun that night, but it was in the rack. He didn't have it in his hand. He didn't have it out there." The defendant introduced no evidence, and, with the exception of what is quoted from his statement above, the evidence of the State is not contradicted. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*